

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*   973 645 2700
*Newark, New Jersey 07102*

EJJ/PL AGR
2024R00640

July 18, 2025

Joel Silberman, Esq.
26 Journal Square, Suite 300
Jersey City, NJ 07306
joel@joelsilbermanlaw.com

      Re:   <u>Plea Agreement with Leonardo Borrero</u>

Dear Mr. Silberman:

      This letter sets forth the plea agreement between your client, Leonardo Borrero ("Borrero" of the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on August 8, 2025, if it is not accepted in writing by that date. If Borrero does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Borrero to a two-Count Information, which charges Borrero with firearms trafficking, in violation of 18 U.S.C. § 933(a)(1) (Count One); and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two). If Borrero enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Borrero for firearms or drug trafficking from in or around November 2024 until in or around February 2025.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Borrero even if the applicable statute of limitations period for those charges expires after Borrero signs this agreement, and Borrero agrees not to assert that any such charges are time-barred.

*LB* [signature]

Sentencing

The violation of 18 U.S.C. § 933(a)(1) to which Borrero agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which Borrero agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Borrero is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Borrero is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Borrero ultimately will receive.

Further, in addition to imposing any other penalty on Borrero, the sentencing judge as part of the sentence:

(1)  will order Borrero to pay an assessment of $100 per count (here, $200) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  with respect to Count One, must order forfeiture pursuant to 18 U.S.C. § 934 of any property constituting, or derived from, any proceeds Borrero obtained, directly or indirectly, as the result of such violation and any of Borrero's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation and, pursuant to 18 U.S.C. § 924(d), must order forfeiture of any firearms and ammunition involved in the offense.

(3) with respect to Count Two, must order forfeiture pursuant to 28 U.S.C. § 2461 and 21 U.S.C. § 853;

(4) may deny Borrero certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, must require Borrero to serve a term of supervised release of at least 3 years on Count Two; and, pursuant to 18 U.S.C. § 3583, may require Borrero to serve a term of supervised release of up to 3 years on Count One, which will begin at the expiration of any term of imprisonment imposed. Should Borrero be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Borrero may be sentenced to not more than 2 years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Borrero's acceptance of responsibility, Borrero agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. § 934(a)(1) and 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation of the offense charged in Count One of the Information; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Information; and any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense charged in Count One of the Information; (ii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in the commission of the offense charged in Count One of the Information; and (iii) pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of the offense charged in Count Two of the Information, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count Two of the Information.

Borrero waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Borrero consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Borrero understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise

- 3 -

Borrero of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Borrero further understands that Borrero has no right to demand that any forfeiture of Borrero's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Borrero waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Borrero further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the following items seized from 75 N. Walnut Street, Apartment 12C, East Orange, New Jersey, on or about March 20, 2025:

(1) Canik TP9SF 9x19mm, semi-automatic handgun bearing serial number T6427-21-AT00348; and
(2) eight (8) rounds of 9x19mm ammunition,

as well as all of his right, title, and interest in one (1) round of .40 caliber ammunition seized from a green Jeep SUV bearing VIN number 1J8HG48K46C291288, parked near 75 N. Walnut Street, East Orange, New Jersey (collectively, "Abandoned Property"). Borrero further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Abandoned Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Borrero by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Borrero's activities and relevant conduct with respect to this case.

Stipulations

This Office and Borrero will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Borrero waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Borrero understands that, if Borrero is not a citizen of the United States, Borrero's guilty plea to the charged offenses will likely result in Borrero being subject to immigration proceedings and removed from the United States by making Borrero deportable, excludable, or inadmissible, or ending Borrero's naturalization. Borrero understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Borrero wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Borrero's removal from the United States. Borrero understands that Borrero is bound by this guilty plea regardless of any immigration consequences. Accordingly, Borrero waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Borrero also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

LB

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Borrero. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Borrero from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Borrero and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY

By: Eli Jacobs
Assistant U.S. Attorney

APPROVED:

Kendall R. Randolph
Deputy Chief, Organized Crime/Gangs Unit

- 6 -

LB

     I have received this letter from my attorney, Joel Silberman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 07/26/25
Leonardo Borrero


     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7/26/25
Joel Silberman, Esq.
Counsel for Defendant

LB

## Plea Agreement With Leonardo Borrero

## Schedule A

1. This Office and Leonardo Borrero recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

### Count 1: Firearms Trafficking

3. The applicable guideline is U.S.S.G. § 2K2.1(a)(4)(B), because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and Borrero is convicted under 18 U.S.C. § 933. This guideline carries a Base Offense Level of 20.

4. Four levels are added because the offense involved between 8 and 24 firearms. See U.S.S.G. § 2K2.1(b)(1)(B).

5. Four levels are added because the offense involved a firearm that had a serial number that was modified such that the original information was rendered illegible or unrecognizable to the unaided eye. See U.S.S.G. § 2K2.1(b)(4)(B)(i).

6. The overall offense level for Count One is 28.

### Count 2: Possession with Intent to Distribute Fentanyl

7. The applicable guideline is U.S.S.G. § 2D1.1(a)(5) and (c)(8), because the offense involved at least 40 grams but less than 160 grams of fentanyl. This guideline carries a Base Offense Level of 24.

8. The overall offense level for Count Two is 24.

### Grouping of Multiple Counts

9. Count One and Count Two do not group under U.S.S.G. § 3D1.2.

10. Because Count One has the highest offense level, it receives one Unit. See U.S.S.G. § 3D1.4(a).

11. Because Count Two is four levels less serious than Count One, Count Two receives one unit. See U.S.S.G. § 3D1.4(a).

12. Because there are two total Units, the offense level is equal to 28 – the offense level for Count One, the Group with the highest offense level – plus 2 levels. *See* U.S.S.G. § 3D1.4. Thus, the overall offense level is 30.

13. As of the date of this letter, Borrero has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Borrero's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, Borrero has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Borrero's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Borrero enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Borrero's acceptance of responsibility has continued through the date of sentencing and Borrero therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Borrero's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. Accordingly, the parties agree that the total Guidelines offense level applicable to Borrero is 27 (the "Total Offense Level").

16. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

17. If the term of imprisonment does not exceed 87 months, and except as specified in the next paragraph below, Borrero will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 70 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

LB

18. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

*LB* [initials]